**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-4403**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS MARIO MOTA SANDOVAL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:16-cr-00237-WO-7)

---

Submitted:  April 30, 2018                          Decided:  May 3, 2018

---

Before GREGORY, Chief Judge, and DIAZ and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Chiege O. Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Mario Mota Sandoval appeals his conviction and sentence for conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). Sandoval pled guilty pursuant to a written plea agreement and was sentenced to 52 months' imprisonment and 5 years of supervised release. On appeal, counsel for Sandoval filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the district court's failure to apply sua sponte a mitigating role adjustment at sentencing. In his supplemental pro se brief, Sandoval contends that the district court erred by failing to consider sua sponte Sandoval's status as a deportable alien to be a mitigating factor. The government elected not to file a response to the *Anders* brief. We affirm Sandoval's conviction and sentence.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. *Id.* "In assessing a challenge to a sentencing court's application of the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Alvarado Perez*, 609 F.3d 609, 612 (4th Cir. 2010).

2

If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

"If a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). If the defendant did not argue for a sentence different than the one imposed, we review for plain error. *Id.* at 578. "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). "If the three-part plain error test is satisfied, we must decide whether to cure the error, and should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

The U.S. Sentencing Guidelines Manual ("USSG") provides for various reductions to a defendant's offense level if the defendant "play[ed] a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." USSG § 3B1.2 cmt. n.3(A) (2016). In applying the mitigating role adjustment, the sentencing court must engage in a fact-specific evaluation of the totality of the circumstances, comparing the defendant to the other individuals with whom he participated, not to the average participant in similar offenses. *See id.* cmt. n.3(C);

3

*United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016) (discussing factors to consider in applying mitigating role adjustment). The defendant bears the burden of demonstrating by a preponderance of the evidence that he is entitled to a mitigating role adjustment. *United States v. Powell*, 680 F.3d 350, 358-59 (4th Cir. 2012) (internal quotation marks omitted), *superseded by regulation on other grounds as stated in United States v. Carbajal*, 717 F. App'x 234, 240 (4th Cir. 2018) (No. 16-4358). We have reviewed the record and the relevant legal authorities and conclude that the district court did not plainly err in failing to apply the mitigating role adjustment sua sponte.

Sandoval next contends that the district court should have, sua sponte, raised the issue of whether his status as a deportable alien warranted either an adjustment to his base offense level or a downward departure from the Guidelines. Although a defendant's status as a deportable alien may be considered as a mitigating factor, it does not require a lesser sentence. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 384 n.8 (4th Cir. 2014) (collecting cases). Accordingly, the district court did not plainly err by failing to raise this issue sua sponte.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Sandoval, in writing, of the right to petition the Supreme Court of the United States for further review. If Sandoval requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sandoval.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*